UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TANDIKA WRIGHT,

                    Plaintiff,

          -against-

NYC DEPARTMENT OF CORRECTIONS,

                    Defendant.

25-CV-5167 (LTS)

ORDER DIRECTING PAYMENT OF FEES
OR PRISONER AUTHORIZATION AND
AMENDED IFP APPLICATION

LAURA TAYLOR SWAIN, Chief United States District Judge:

          Plaintiff, who is currently detained at the Rose M. Singer Center on Rikers Island, brings

this action *pro se*. To proceed with a civil action in this Court, a prisoner must either pay $405.00

in fees – a $350.00 filing fee plus a $55.00 administrative fee – or, to request authorization to

proceed *in forma pauperis* (IFP), that is, without prepayment of fees, submit a signed IFP

application and a prisoner authorization. *See* 28 U.S.C. §§ 1914, 1915.

          If the Court grants a prisoner's IFP application, the Prison Litigation Reform Act requires

the Court to collect the $350.00 filing fee in installments deducted from the prisoner's account.[1]

*See* 28 U.S.C. § 1915(b)(1). A prisoner seeking to proceed in this Court without prepayment of

fees must therefore authorize the Court to withdraw these payments from his account by filing a

"prisoner authorization," which directs the facility where the prisoner is incarcerated to deduct

the $350.00 filing fee from the prisoner's account in installments and to send to the Court

certified copies of the prisoner's account statements for the past six months. *See* 28 U.S.C.

§ 1915(a)(2), (b).

---

[1] The $55.00 administrative fee for filing a civil action does not apply to persons granted
IFP status under 28 U.S.C. § 1915.

Plaintiff submitted the complaint without the filing fees or a completed prisoner authorization. Moreover, Plaintiff submitted an IFP application but it is incomplete because she did not respond to many of the questions. Within thirty days of the date of this order, Plaintiff must either pay the $405.00 in fees or submit the attached prisoner authorization and amended IFP application. If Plaintiff submits the prisoner authorization and amended IFP application, they should be labeled with docket number 25-CV-5167 (LTS).[2]

No answer shall be required at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:    June 24, 2025
          New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

---

[2] Plaintiff is cautioned that if a prisoner files a federal civil action or appeal that is dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, the dismissal is a "strike" under 28 U.S.C. § 1915(g). A prisoner who receives three "strikes" cannot file federal civil actions IFP as a prisoner, unless she is under imminent danger of serious physical injury, and she must pay the filing fees at the time of filing any new action.