UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TANDIKA WRIGHT,

                Plaintiff,

       -against-

NYC DEPARTMENT OF CORRECTIONS,

                Defendant.

25-CV-5167 (AS)

ORDER OF SERVICE

ARUN SUBRAMANIAN, United States District Judge:

Plaintiff, who currently is detained at the Rose M. Singer Center on Rikers Island, brings this action *pro se*. By separate order, the court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.[1]

**DISCUSSION**

**A.    New York City Department of Correction**

Plaintiff sues the New York City Department of Correction (DOC). Under Rule 17 of the Federal Rules of Civil Procedure, an entity's capacity to be sued is generally determined by the law of the state where the court is located. *See* Fed. R. Civ. P. 17(b)(3); *Edwards v. Arocho*, 125 F.4th 336, 354 (2d Cir. 2024) ("A plaintiff cannot bring a claim against a municipal agency that does not have the capacity to be sued under *its municipal charter*." (emphasis in original)).

New York City's Charter requires suits against agencies of the City of New York to be brought against the City of New York, rather than the agency, unless state law provides otherwise. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

not in that of any agency, except where otherwise provided by law.”). The New York City DOC does not have the power to sue and be sued in its own name. *See* N.Y. City Charter ch. 25, §§ 621-627 (describing structure and powers of the DOC); *Echevarria v. Dep't of Corr. Servs.*, 48 F. Supp. 2d 388, 391 (S.D.N.Y. 1999) (“[S]uits against the DOC are suits against a non-suable entity and are properly dismissed upon that basis.”). Any claims against the DOC must be brought against the City of New York. Accordingly, the Court dismisses Plaintiff's claims against the DOC because it lacks the capacity to be sued.

In light of Plaintiff's *pro se* status and clear intention to assert claims against the City of New York, the Court construes the complaint as asserting claims against the City of New York, and directs the Clerk of Court to amend the caption of this action to add Defendant City of New York. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses the City of New York may wish to assert.

**B.      City of New York**

The Clerk of Court is directed to notify the DOC and the New York City Law Department of this order. The Court requests that Defendant City of New York waive service of summons.

**CONCLUSION**

The Clerk of Court is directed to mail an information package to Plaintiff.

The Court dismisses Plaintiff's claims against the DOC because it lacks the capacity to be sued.

The Clerk of Court is directed: (1) to add the City of New York as a Defendant, Fed. R. Civ. P. 21; and (2) to electronically notify the DOC and the New York City Law Department of this order.

3

The Court requests that Defendant City of New York waive service of summons.

SO ORDERED.

Dated:   February 20, 2026
         New York, New York

_____
ARUN SUBRAMANIAN
United States District Judge